# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-1801
Filed July 8, 2026

————————————

**In the Interest of L.W., L.V., P.V., P.V., and K.V., Minor Children,**

**J.P., Mother,**
Appellant.

————————————

Appeal from the Iowa District Court for Lee (South) County,
The Honorable Jonathan Stensvaag, Judge.

————————————

**AFFIRMED**

————————————

Patrick C. Brau of Brau Law Office, Mt Pleasant,
attorney for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran,
Assistant Attorney General, attorneys for appellee State.

Heidi Van Winkle, Burlington, attorney
and guardian ad litem for minor children,

Kyler Massner of Cray Law Firm P.L.C., Burlington,
attorney and guardian ad litem for minor children L.W. and P.V.

————————————

Considered without oral argument
by Tabor, C.J., and Greer and Buller, JJ.
Opinion by Tabor, C.J.

**TABOR, Chief Judge.**

A mother, Jacqueline, appeals the juvenile court order terminating her parental rights to her five children, ages thirteen, ten, nine, four, and three. She challenges the statutory grounds for termination and the best-interests determination and asks for more time. After reviewing the record, we find she waived the first two issues, and an extension is unwarranted.[1]

## I.       Facts and Prior Proceedings

The Iowa Department of Health and Human Services removed the children from parental custody in July 2024 after receiving reports that they were unsupervised amid the mother's ongoing addiction to methamphetamine. At the time, Jacqueline admitted leaving them alone for long periods without adequate food or money and being under the influence of methamphetamine while caring for them. After removal, the department placed the eldest child with his father, who likely will resume full custody. The younger four children were placed with Jacqueline's cousin, who is willing to give them a permanent home.

After the removal, Jacqueline did little to regain custody of her children. Despite court orders, she failed to provide drug tests, obtain a substance-use evaluation, or participate in mental-health therapy. She missed half of her visitations. At the termination hearing, she testified that she had been using methamphetamine two or three times daily for the last eighteen years. Throughout the proceedings, she was unemployed and had no stable home other than her mother's house.

---

[1] We review termination proceedings de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). "We are not bound by the factual findings of the juvenile court, though we give them respectful consideration, particularly regarding credibility determinations." *Id.*

Jacqueline started down a more promising path in spring 2025. In March, she participated in a substance-use evaluation and in April she started an inpatient treatment program with Alcohol & Drug Dependency Services (ADDS) in Burlington. But she left that program after four days, citing harassment by other participants. At the permanency hearing in May, Jacqueline testified she had just entered another treatment program at Ivory Plains in Adair. She then transferred to House of Mercy in Cedar Rapids, which she completed successfully in July. She went to stay at her mother's home in West Point for several weeks, then moved to the Hightower halfway house in Clinton in August.

The urinalysis she submitted when entering Hightower was negative for illegal substances. But a hair stat test that same day was positive for methamphetamine. At the termination hearing, a department social worker testified that hair stat tests measure drug use in the prior ninety days, meaning the use likely happened after she entered inpatient treatment in May at Ivory Plains. This contradicted Jacqueline's testimony that she last used the day before entering Ivory Plains. And that contradicted her testimony at the permanency hearing that she last used before entering ADDS. The juvenile court found Jacqueline lacked credibility.

The juvenile court found grounds to terminate Jacqueline's parental rights under Iowa Code section 232.116(1) (2025), paragraphs (f) and (h).[2] Jacqueline appeals.

---

[2] The court also terminated the parental rights of the younger four children's father, who was incarcerated throughout the proceedings. He does not appeal.

## II.    Analysis

Termination cases involve three determinations: the statutory grounds for termination, the best interests of the children, and permissive exceptions to termination. *In re W.T.*, 967 N.W.2d 315, 322 (Iowa 2021). At step one, the State must prove a basis for termination under Iowa Code section 232.116(1). *Id.* At step two, the State must show terminating the parent's rights is in the children's best interests under section 232.116(2). *Id.* At the final step, a parent may show exceptions to termination under section 232.116(3). *Id.* We only address those steps that the parent disputes. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

Jacqueline's petition on appeal contains two issue statements. The first is that the juvenile court erred in refusing to return the children to her or, in the alternative, refusing to grant her a six-month extension for permanency under Iowa Code section 232.104. The second is that there wasn't clear and convincing evidence "that the children could not be returned" to her custody and termination was not in the children's best interests. *See* Iowa Code § 232.116(1)(f)(4), (h)(4) (providing for termination on clear and convincing evidence that the children "cannot be returned to the custody of the child's parents . . . at the present time"), (2) (setting out the best-interests standard). Jacqueline does not argue how the proof falls short on either the statutory ground or best interests. We deem those issues waived. *See In re L.A.*, 20 N.W.3d 529, 534 n.2 (Iowa Ct. App. 2025).

The only issue Jacqueline arguably raises with enough detail to address is her request for a six-month extension: "Jacqueline believes that, although she did not fully engage in services when the Petition was filed, she has demonstrated by her continued inpatient treatment that she is committed to

long-term sobriety and should have been given additional time to show that her children could be returned to her safely."

The juvenile court can deny the termination petition and postpone permanency for six months if it determines that the need for the children's removal from their home will no longer exist after that postponement. Iowa Code §§ 232.117(5), 232.104(2)(b). The court must "enumerate the specific factors, conditions, or expected behavioral changes" that support its determination. *Id.* § 232.104(2)(b). This record does not reveal those supporting factors. True, Jacqueline finally began addressing her substance use with successful completion of inpatient treatment. But that change happened recently, and she has not shown any extended period of sobriety. We hope her eleventh-hour efforts signal the start of her recovery, but we cannot say that she will still be sober in six months; her eighteen years of daily use and shifting stories about the positive hair stat test weigh against delaying the children's permanency. What's more, concerns about her mental health and unstable housing are unlikely to be resolved in six months.

**AFFIRMED.**